Kirk W. McAllister, State Bar No. 47324
McALLISTER & McALLISTER, INC.
A Professional Law Corporation
1012 - 11th Street, Suite 100
Modesto, CA  95354
Tel: (209) 575-4844

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  1:18-cr-00076-LJO-BAM |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT JOSEPH VASQUEZ, JR.** |
| JOSEPH VASQUEZ, JR., | |
| Defendant. | Sentencing Date: January 6, 2020<br>Time: 10:00 a.m.<br>Location: 4-Hon. Lawrence J. O'Neill |

**SENTENCING DISPARITY: CAREER OFFENDER GUIDELINES**

The Defense respectfully argues for a variance from the Sentencing Guidelines, that is, a non-Guidelines sentence based on the factors enumerated in 18 USC section 3553(a). (*United States v. Solis-Bermudez,* 501 F.3d 882, 884 (8th Cir. 2007)).

Due to his prior convictions the PSR deems Joseph Vasquez Jr. to be a Career Offender with a Criminal Category of VI and a sentencing range of 360 months to life.

**I.   VARIANCE AND THE GUIDELINES**

While the Guidelines are always the starting point for the sentencing calculation, they are not to be presumed reasonable.

> The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to

-1-

determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. See *id.*, at 351, 127 S. Ct. 2456, 168 L. Ed. 2d 203. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.*, at 356-58, 127 S. Ct. 2456, 168 L. Ed. 2d 203.

*Gall v. United States*, 552 U.S. 38, 49-50 (2007)

See also *Nelson v. United States*, 555 U.S. 350, 352 (2009)

A defendant may argue that the sentencing factors of section 3553(a) warrant a sentence independent of the Guidelines. (*Rita v. United States*, 551 U.S. 338, 344 (2007)) "[T]here is no longer a limit comparable to [a departure] on the variances from the ranges that a district court may find justified under the sentencing factors set forth in 18 USC section 3553(a)." (*Irizarry v. United States*, 553 U.S. 708, 714 (2008))

Only the trial judge has the perspective to weigh the section 3553(a) factors in the case before him or her: "The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court." (*Rita v. United States*, supra, 551 U.S. at 357-358) "The judge is cabined, but also liberated, by the section 3553(a) factors." (*United States v. Reuter*, 463 F.3d 792, 792-793 (7th Cir. 2006)

**II. CAREER OFFENDER DESIGNATION AND VARIANCE**

"The consequences of being deemed a career offender for purposes of section 4B1.1 of the U.S. Sentencing Guidelines are grave." (*United States v. Hoults*, 240 F.3d 647, 648 (7th Cir. 2001))

All guidelines were rendered advisory by the Supreme Court in *Booker v. United States*, 543 U.S. 220 (2005). Even before that decision, the Career Offender guidelines came under criticism. For example, designation as a "Career Offender" proved to be a poor predictor of recidivism.

-2-

> Most importantly, preliminary analysis of the recidivism rates of drug trafficking offenders sentenced under the career offender guideline based on prior drug convictions shows that their rates are much lower than other offenders who are assigned to criminal history category VI. The overall rate of recidivism for category VI offenders two years after release from prison is 55 percent (USSC, 2004). The rate for offenders qualifying for the career criminal guideline based on one or more violent offenses is about 52 percent. But the rate for offenders qualifying only on the basis of prior drug offenses is only 27 percent. The recidivism rate for career offenders more closely resembles the rates for offenders in the lower criminal history categories in which they would be placed under the normal criminal history scoring rules in Chapter Four of the Guidelines Manual. The career offender guideline thus makes the criminal history category a less perfect measure of recidivism risk than it would be without the inclusion of offenders qualifying only because of prior drug offenses.
>
> *United States Sentencing Commission: Fifteen Years of Guideline Sentencing. An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* (2004)

Many district courts have varied from Career Offender guidelines for case-specific or categorical reasons.

> Following this line of Supreme Court precedent, the Eighth Circuit Court of Appeals, as well as other courts of appeals, held that district courts are free to vary from the Career Offender guideline based on policy disagreements with it. *See United States v. Gray,* 577 F.3d 947, 950 (8th Cir. 2009) (holding that district court did not "misunderstand its authority to vary from the career-offender guideline" on the basis of policy disagreements, thus implying that a district court has authority to vary from Career Offender guideline based on policy disagreements with it); *see also United States v. Collins,* 474 Fed. App'x 142, 144 (4th Cir. 2012); *United States v. Mitchell,* 624 F.3d 1023, 1028-30 (9th Cir. 2010); *United States v. Corner,* 598 F.3d 411, 416 (7th Cir. 2010) [**32] (*en banc*); *United States v. Michael,* 576 F.3d 323, 327-28 (6th Cir. 2009); *United States v. McLean,* 331 Fed. Appx. 151, 152 (3d Cir. June 22, 2009); *United States v. Boardman,* 528 F.3d 86, 87 (1st Cir. 2008); *United States v. Sanchez,* 517 F.3d 651, 662-63 (2d Cir. 2008).
>
> *United States v. Newhouse*, 919 F.Supp.2d 955, 966-967 (N.D. Iowa 2013)

**III.  SENTENCE DISPARITY**

The possibility of sentence disparity is one of the factors court must consider**.**

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **. . . .**

-3-

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. 3553(a)(6)

Disparity of sentences is one of the 18 U.S.C. 3553(a) factors the Court must consider in a case involving multiple defendants. "Section 3553(a)(6) directs *district courts* to consider the need to avoid unwarranted disparities--along with other § 3553(a) factors--when imposing sentences." (*Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (emphasis in original)

Disparity in sentencing can be a predictable result of strict adherence to the Career Offender guideline.

> [The Career Offender guideline] It makes no distinction between defendants convicted of the same offenses, either as to the seriousness of their instant offense or their previous convictions. For example, two defendants convicted of the same federal drug felony [e.g., 21 U.S.C. 5841(a)(1) ], each with two prior drug offenses, would be subject to the same career offender sanction, even if one defendant was a drug "kingpin" with serious prior offenses, while the other defendant was a low level street dealer whose two prior convictions for distributing small amounts of drugs resulted in actual sentences of probation.

USSC, *Career Offender Guidelines Working Group Memorandum* at 13 (March 25, 1988)

**IV.    THE TRAPPS CRIMINAL ENTERPRISE (TCE)**

The adjudicated codefendants in this case have received the following sentences:

Roberto Arrellano-70 months BOP, 36 months TSR

Jimmy Brantley-120 months BOP, 60 months TSR

Carmen Conejo-60 months probation

Sheena Taylor-150 months BOP, 60 months TSR

Ernest Westley-32 months BOP, 60 months TSR

The two main actors in the TCE conspiracy, Alicia Trapps and Eric Hernandez, have yet to be sentenced. The defense for Joseph Vasquez Jr. moves this court to take judicial notice of the presentence reports for those two individuals.

Alicia Trapps was the kingpin. "TRAPPS is leading a criminal enterpise [sic] that is purchasing drugs in the Modesto area, transporting them to Alaska via ferry, cars, United States

-4-

1 Postal Service and other common carriers." (Huberty FD 302 dated August 3, 2017,
2 Government Bates Number OCU 00002762)

3     She directed the operation, which was charged from January 1, 2015 to April 2018. The importation of drugs to Alaska under her direction was constant, and she was not deterred even when law enforcement intercepted her shipments. At one point she was heard to say that the interdiction efforts had cost her $100,000 in profits, but that didn't stop her. She was still sending drugs a few weeks before her arrest, when on March 19, 2018 she paid the airfare for Mia Bersanzke and Stefani Dennis, who were intercepted at the Juneau International Airport with Trapps' drugs. Jimmy Brantley was the "money man", in charge of paying for the drugs, as Trapps directed. Sheena Taylor packaged the drugs for transport, giving phony return addresses.

12     Trapps was in it for the money. She bragged about the amount of money she was making: on June 29, 2017 she texted "I'm on the freeway dropping off two pounds in Merced….I just got back from Alaska. I made over $80,000. I don't steal or take ppl money". Huberty's investigation even revealed that she was doing drug business with a white supremacist in Juneau.

17     Eric Hernandez, AKA Chava Garcia, was a major kilo drug supplier to the Northwest. Special Agent Huberty notified Pierce County, Washington law enforcement that Hernandez had supplied drugs during the investigation by Huberty. Sheena Taylor was his contact in the Trapps circle. At one point a search of his storage facility on June revealed 17,602 grams (approximately **38 pounds**) of methamphetamine. The residence identified as his, 1710 Lois Way, Ceres was searched pursuant to the Trapps task force search warrants on April 11, 2018. Guns and drugs were found. Even after that Hernandez was still dealing drugs—he was arrested in a buy-bust by Special Agent Huberty's team on April 26, 2018 and was found in possession of 510 grams of methamphetamine. Roberto Arrellano was his confederate in drug dealing (and the subscriber for Hernandez' phone): in Arrellano's arrest for drugs in Washington police found prayer cards depicting patron saints of the Mexican drug underworld!

### V. JOSEPH VASQUEZ, JR.

In contrast, Mr. Vasquez was convicted of 4 transactions in a 3 month period—October through December, 2017. The amounts involved were 995.4 grams, 494.8 grams, 18 ounces and 18 ounces of methamphetamine. When law enforcement searched his house, there was no methamphetamine present. The evidence at trial corroborated the fact that he had to go elsewhere to obtain it.

Joseph Vasquez' prior convictions lack temporal proximity to these charges. The priors were for crimes committed in 2007 and 2010.

Moreover, he did not receive substantial punishment for those convictions. The stark contrast between the measure of his earlier punishment and what he faces under the Career Offender guideline is a factor the court can consider.

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses. If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect. We think the Commission's sensible recognition that a CHC may overrepresent a defendant's likelihood of recidivism permits a sentencing court, in appropriate cases, to include in its individualized consideration of a section 4A1.3 departure the relationship between the punishment prescribed by a career offender CHC and the degree of punishment imposed for prior offenses. In some circumstances, a large disparity in that relationship might indicate that the career offender sentence provides a deterrent effect so in excess of what is required in light of the prior sentences and especially the time served on those sentences as to constitute a mitigating circumstance present "to a degree" not adequately considered by the Commission. *See* 18 U.S.C. § 3553(b).

*United States v. Mishoe*, 241 F.3d 214, 220 (2d Cir. 2001)

For these reasons a sentence at variance with the Career Offender guidelines is appropriate for Mr. Vasquez, if disparity of sentencing is to be avoided. This is particularly true because of the wholehearted efforts he has made to change his life while under the supervision of Pretrial Services. (See attached certificates and letters.)

-6-

### VI. CONCLUSION

The defense respectfully suggests that sentencing in the area of the mandatory minimums for these offenses will satisfy the ends of adequate, but not more than necessary, punishment.

Dated: December 23, 2019                         Respectfully Submitted,

                                                       /s/ Kirk W. McAllister
                                                       Kirk McAllister
                                                       Attorney for Defendant Vasquez

McALLISTER & McALLISTER, INC.
A Professional Law Corporation
1012 - 11th Street, Suite 100
Modesto, CA 95354