UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>Joseph Vasquez,<br><br>            Defendant. | Case No. 1:18-CR-00076-JLT-BAM<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR PARTIAL WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND SETTING BRIEFING SCHEDULE** |

The United States of America moves for an Order finding a partial waiver of the attorney-client privilege as to defendant Joseph Vasquez's communications with his former counsels, Kirk McAllister and Verna Wefald, in connection with McAllister and Wefald's representation of Vasquez at trial, sentencing, and appeal of this case.  (Doc. 392.)  Vasquez has waived such privileges based on his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed November 21, 2022 ("§ 2255 motion"), which asserts claims of ineffective assistance by his prior counsel. (Doc. 391.) For the reasons below, the motion is GRANTED.

"It has long been the rule in the federal courts that, where a

Motion re Privilege Waiver; Order            1

habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver applies equally to the work product privilege. *Id.* at 722 n.6.

There is good cause for disclosure of attorney-client communications concerning the matters raised in Vasquez's § 2255 motion. Vazquez's § 2255 motion alleges that his prior counsels provided ineffective assistance by (i) failing to advise him of the circumstances and consequences of pleading guilty instead of going to trial; (ii) failing to conduct adequate pretrial investigation; and (iii) failure to attempt to negotiate a favorable plea agreement (Doc. 391.) The motion further alleges ineffective assistance of counsel by his sentencing attorney's failure to inform Vasquez of his strategy, affirmative defenses, and theory of the defense; failure to discuss and explain the PSR; and failure to file substantive objections to the PSR. The motion further alleges ineffective assistance of appellate counsel via failure to communicate with Vasquez regarding his direct appeal and failure to raise stronger issues on appeal, which Vasquez claims deprived him of meaningful appellate review.

The government asserts that responding to Vasquez's motion requires conference with Vasquez's prior counsels, McAllister and Wefald. As such, the government seeks a court order finding a partial waiver of Vasquez's attorney-client privilege with regards to the advice provided by his attorneys that resulted in Vasquez's convictions, sentence, and appeal. (Doc. 392 at 2.)

By his allegations in his § 2255 motion, Vasquez has waived any

privilege as to attorney-client communications for purposes of the § 2255 motion. "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716, 719 & 722 n.6 (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel). Vasquez can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Vasquez's § 2255 motion, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright*, 698 F.3d at 818. Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Vasquez's § 2255 motion.

For the reasons discussed above, the government's request for partial waiver of petitioner Vasquez's attorney-client privilege is GRANTED with the following specifications:

(1) The attorney-client privilege of defendant Joseph Vasquez is waived with respect to all communications between Vasquez and his former attorneys Kirk McAllister and Verna Wefald concerning events and facts related to the

Motion re Privilege Waiver; Order      3

    ineffective assistance of counsel claims that movant Vasquez raises in his § 2255 motion [Doc. 391].

(2) Attorneys Kirk McAllister and Verna Wefald, and related staff and agents if relevant, may disclose to the government communications with Vasquez concerning matters related to the ineffective assistance of counsel claims Vasquez raises in his § 2255 motion.

(3) McAllister and Wefald may provide the government with declarations addressing attorney-client communications concerning matters related to the ineffective assistance of counsel claims raised in Vasquez's § 2255 motion. McAllister and Wefald may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) To the extent that the government's request is broader than this order, the government's request is DENIED WITHOUT PREJUDICE, subject to renewal by motion providing further information as to the specific necessity of such documents, communications, or the like.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his amended 2255 motion, he must notify this Court within 14 days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion.  Failure to do that confirms the alternative portion of this Order finding waiver.

Motion re Privilege Waiver; Order   4

Considering the timeline necessitated by the above, the following schedule will govern: the government shall have until **February 28, 2023,** to file an opposition, and Vasquez may file a response on or before **April 14, 2023.** Should further extensions be necessary, the parties may stipulate to or request additional time.

IT IS SO ORDERED.

Dated:   **January 13, 2023**    
UNITED STATES DISTRICT JUDGE